UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> v.  § <br> § <br> GUILLERMO IVAN RAMIREZ SAUCEDO § <br> § <br> Defendant. § | Case No.: 4:24-cr-609 |

**GOVERNMENT'S MOTION IN LIMINE
FOR THE AFFIRMATIVE DEFENSE OF DURESS**

COMES NOW, the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, through Assistant United States Attorney Carrie Wirsing, and files the following in support of the government's Motion in Limine:

This case is presently scheduled for trial on September 8, 2025. Prior to the commencement of trial, the Government requests the Court to instruct the Defendant, his attorneys, and any witnesses questioned or presented by the defense in this case, not to mention, recite, allude to, or refer to in any way before the jury the defense of duress unless and until a hearing is conducted outside the presence of the jury to determine the admissibility of such. The United States would respectfully show the Court that there is no meritorious basis for a duress defense in this case and to allow such would be presumptively irrelevant, misleading and/or confusing to any issue for the jury's proper consideration and should be ruled inadmissible at all stages of this trial.

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, counsel for

1

Defendant, and through such counsel any and all witnesses including Defendant, should be instructed and prohibited from testifying to any fact, statement, information or presenting any evidence therein, either directly or indirectly, relating to the affirmative defense of duress, necessity, coercion, or justification without a prior hearing to establish the sufficiency of such evidence.

"Justification defenses are affirmative defenses, [and] defendant must demonstrate each element before he may successfully raise the defense of duress or necessity." *U.S. v. Gant*, 691 F.2d 1159, 1165 (5th Cir. 1982). These elements are:

(1) that a defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury. *U.S. v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998). This "only arises if there is a real emergency leaving no time to pursue any legal alternative." *Id.* at 874.

(2) That a defendant had not recklessly or negligently placed himself in a situation in which it was probable he would be forced to choose the criminal conduct. *Id.* at 873.

(3) That a defendant had no reasonable legal alternative to violating the law (a chance to both refuse to the criminal act and also to avoid the threatened harm). *Id*. A reasonable legal alternative exists if a defendant has "a chance both to refuse to do the criminal act and also to avoid the threatened harm." *Id*. To prove

2

      that no legal alternative existed, a defendant "must show that he actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusory benefit of the alternative. *Id*.

(4) that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm. *U.S. v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998).

The burden is on Defendant to prove the elements of a duress defense by a preponderance of the evidence standard. *Dixon v. U.S.*, 548 U.S. 1, 17 (2006). It is not the Government's burden to disprove them beyond a reasonable doubt. *Id*. It is a long-standing common-law rule that "places the burden of proving that defense on the defendant." *Id*.

Moreover, the "Defendant must present each of the elements of the defense before it may be presented to the jury." *Posada-Rios*, 158 F.3d 832, 873. In determining whether Defendant has made a threshold showing of the elements of the defense, a court must "objectively evaluate" the facts presented by Defendant. *Id*. The Court does not decide the merits of the duress defense, but rather if there is sufficient evidence, as a matter of law, to permit the defense to be submitted to the jury. *U.S. v. Villegas*, 899 F.2d 1324, 1243 (2d Cir. 1990).

Defendant must establish a prima facie claim for duress before this Honorable Court outside the presence of the jury before any testimony relating to a claim of duress should

3

be allowed in the jury's presence. Any testimony relating to duress, without first establishing legal sufficiency for each element of the affirmative defense outside the presence of the jury, is not relevant to a trial as the trial relates solely to Defendant's guilt or innocence. Any testimony relating to duress, without first establishing the legal sufficiency of the facts of any affirmative defense claim outside the presence of the jury, is also substantially more prejudicial than probative.

Here, the government submits that Defendant's claim that he unlawfully entered the United States as a result of being under duress by the cartel to do so is wholly without merit and should be excluded from trial. Duress does not apply in this case, particularly as the indictment alleges a found in date (versus entry) and Defendant was encountered when he was stopped while he was committing the crime of Driving While Intoxicated (DWI), not when he had reentered the United States. As such, he had reasonable time to alert authorities but failed to do so, nullifying a duress defense. Moreover, on the DWI indictment filed in Harris County, Defendant has a listed address, which suggests he had time to establish a residence and further undermining any potential ongoing duress argument that he had just returned to the United States and/or only returned because of the cartel. The government notes that Defendant has several prior arrests for DWI and illegal reentry, which further demonstrates that Defendant had knowledge and that his unlawful re-entry in this case is not a one-off, as he has repeatedly engaged in the same criminal

behavior over and over again. *See States v. Estrada-Monzon, 700 F. App'x 323, 328-29 (5th Cir. 2017) (unpublished)* (finding the district court did not err in excluding a duress jury instruction where it found that the defendant did not produce sufficient evidence that he had no legal alternative to violating the law where he claimed he was forced to cross the border illegally but did not seek the help of border protection at or near the time he was apprehended by them).

## **CONCLUSION**

For all of the above reasons the government respectfully asks this Honorable Court to grant this motion and find that the defense of duress may not be raised at any stage of the trial in this case.

Date:  August 6, 2025            Respectfully submitted,

                                 NICHOLAS J. GANJEI
                                 United States Attorney
                                 Southern District of Texas

                         By:    */s/ Carrie Wirsing*
                                 Carrie Wirsing
                                 Assistant United States Attorney
                                 Commonwealth of Pennsylvania Bar No: 89932
                                 1000 Louisiana Street, 23rd Floor
                                 Houston, Texas 77002
                                 Tel.: (713) 567-9000
                                 E-mail:   carrie.wirsing@usdoj.gov
                                 *Counsel for the United States of America*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that the undersigned has not had an opportunity to confer with Defendant's counsel of record regarding the government's motion *in limine* prior to the motions filing deadline of August 6, 2025; however, it is anticipated that this motion would be opposed.

*/s/ Carrie Wirsing*
Carrie Wirsing
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August, 2025, a copy of this document was electronically filed with the Clerk of Court via CM/ECF and emailed to Tatiana Obando, AFPD, counsel for Defendant.

*/s/ Carrie Wirsing*
Carrie Wirsing
Assistant United States Attorney