# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Case No.: 4:24-cr-609 |
| GUILLERMO IVAN RAMIREZ SAUCEDO | § § | |
| Defendant. | § § | |

## GOVERNMENT'S SECOND MOTION IN LIMINE

COMES NOW, the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, through Assistant United States Attorney Carrie Wirsing, and files the following in support of the government's Motion in Limine:

This case is presently scheduled for trial on September 8, 2025. Prior to the commencement of trial, the Government requests the Court to instruct the Defendant, his attorneys, and any witnesses questioned or presented by the defense in this case, not to mention, recite, allude to, or refer to in any way before the jury any of the matters listed below until a hearing is conducted outside the presence of the jury to determine their admissibility. The United States would respectfully show the Court that the following matters are presumptively irrelevant, misleading and/or confusing to any issue for the jury's proper consideration and should be ruled inadmissible at all stages of this trial:

1. <u>DEFENDANT'S SELF-SERVING STATEMENTS:</u> Any question, comment, argument or testimony concerning any self-serving statements that Defendant may have made to law enforcement or others unless Defendant testifies, as such statements are hearsay.

2.  PLEA DISCUSSIONS: Any plea discussions, pretrial conferences, or any related statements between the Government and the Defendant or his counsel in this case, in that such information is not relevant evidence in connection with the resolution of any issues in this case.   FED. R. EVID. 401, 402, 410.

3.  SENTENCING ISSUES: All references to the potential term of imprisonment that Defendant faces in the event of his convictions in this case. The Defendant's potential punishment is not relevant to the issue of his guilt. FED. R. EVID. 401, 402. It is well-settled law in federal criminal trials that the potential punishment a defendant may face is not a proper matter for the jury to consider in deciding the guilt of any defendant.

4.  STATEMENTS RELATING TO THE FINANCIAL, EMOTIONAL OR HEALTH STATUS OF ANY OF THE DEFENDANT'S FAMILY: The government requests that Defendant's counsel be strictly prohibited from stating and eliciting in any manner, from any witness, the financial, emotional or health status of members of the Defendant's family. The conditions of family members are irrelevant in the trial of this case and counsel should be cautioned to avoid eliciting responses that touch or bear on the aforementioned matters.   FED. R. EVID. 401, 402.

5.  IMMIGRATION CONSEQUENCES: The government requests that Defendant's counsel be strictly prohibited from stating and eliciting in any manner from any witness, any question, comment, argument, or testimony concerning any potential immigration consequences that the Defendant may face if convicted of any charged offense. FED. R. EVID. 401, 402. Federal criminal juries have no role in considering any action regarding an alien defendant's immigration status in the United States.

6. <u>COLLATERAL ATTACK</u>: Defendant has previously been ordered removed and not only was that order effectuated, but it was reinstated pursuant to 8 U.S.C. § 1231(a)(5), and Defendant was previously convicted of illegal re-entry pursuant to 8 U.S.C. §1326.

The Supreme Court in *Mendoza-Lopez*, 481 U.S. 828, at 837-38 (1987), set forth a two-step analysis for determining whether a defendant could prevent a prior deportation from being used as a basis for an 8 U.S.C. § 1326 conviction. Under *Mendoza-Lopez*, a defendant first must show that deportation hearing effectively foreclosed the right to direct judicial review of the deportation order. *Id*. at 753-54. Second, a defendant must demonstrate the deportation hearing was fundamentally unfair. *Id*. This collateral attack usually is mounted when the defendant files a motion to suppress evidence of the prior deportation.

In this case, Defendant has failed to file any pre-trial motions that attack the prior deportation orders by the immigration judges. The deportation order signed by the immigration judge was based on the fact that the Defendant was not a U.S. citizen and entered the United States without inspection. Since the defense has failed to raise any collateral attack on the deportation order, the Defendant should be barred from attacking the prior deportation orders at trial. The Defendant was afforded the opportunity to appeal the immigration judges' deportation orders, which he failed to do. The time for the Defendant to attack the underlying deportation orders was when he was ordered removed and not at a criminal trial. Further, the lawfulness of a deportation is a matter for the court to decide, not the jury.

7. ASYLUM OR SIMILAR IMMIGRATION CLAIMS: It would be improper for Defendant to raise asylum or other removal-challenging immigration claims in this trial concerning an illegal reentry violation. The proper forum to raise any issues regarding asylum or other similar immigration claims is the immigration courts. These issues are irrelevant in a criminal jury trial regarding a violation of 8 U.S.C. § 1326.

The Fifth Circuit has held that aliens like Defendant, who have reentered the country after deportation and have their prior deportation orders reinstated under 8 U.S.C. § 1231(a)(5), are ineligible for asylum. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489 (5th Cir. 2015). Moreover, the Fifth Circuit has determined that whether or not proper procedure was followed in immigration proceedings "has no relevance to the prosecution for illegal reentry." *See U.S. v. Brizuela*, 605 Fed. Appx. 464 (5th Cir. 2015) (affirming the district court's decision to proceed with an illegal reentry trial against a defendant who complained of immigration's failure to refer him to an asylum officer for a reasonable-fear determination after he claimed he was afraid of persecution or torture if he was removed).

Any asylum or similar immigration-related claim that challenges Defendant's removal is not relevant to the instant charge of illegal reentry in violation of 8 U.S.C. § 1326. Thus, the Court should prevent Defendant and his counsel from mentioning any claims of this nature.

8. BIAS OR SYMPATHY: The Government specifically requests the Defendant's counsel be strictly prohibited from stating and eliciting in any manner from any witness, any question, comment, argument, or testimony encouraging the jury to base their verdict in any way on bias or sympathy. Juries are not to let bias or sympathy influence

their consideration in deciding the guilt of any defendant. The Court will likely instruct the jury that they are not to be influenced by bias or sympathy but are to base their verdict on the facts as they find them and the law which the Court gives them. Accordingly, the jury should not be encouraged to disregard such instructions by any questions, arguments, or testimony which may appear designed to encourage them to ignore the Court's instructions and allow themselves to be influenced by bias or sympathy.

9. <u>CHARACTER EVIDENCE</u>: Federal Rule of Evidence 404(b) proscribes the admission of character evidence to prove that a defendant has a good character and acted in conformity therewith. *See* FED. R. EVID. 404(b); *United States v. Morgan*, 505 F.3d 332, 339-40 (5th Cir. 2007). From this prohibition follows the general principle that individual acts of good conduct are not admissible to prove good character. *See id*; *see also United States v. Camejo*, 929 F.2d 610, 613 (11th Cir.) (defendant's refusal to accept witness' offer to join narcotics business inadmissible), *cert. denied*, 502 U.S. 880 (1991). Consequently, evidence of good conduct is not admissible to negate criminal intent. *See Michelson v. United States*, 335 U.S. 469, 477 (1948); *United States v. Marrero*, 904 F.2d 251, 259-60 (5th Cir. 1990), *cert. denied*, 498 U.S. 1000 (1990). In other words, "a defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions." *United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990).

Whether Defendant is a good man is irrelevant to the charge against him and offers no defense to those charges. Similarly, evidence of specific charity or pro bono work, specific awards, or other specific instances of "good conduct" including but not limited to paying taxes on reported income, is not relevant to a material issue in dispute. Such

evidence therefore, should not be admitted, whether offered through direct or cross-examination. *See, e.g., United States v. Neighbors*, 23 F.3d 306, 310 (10th Cir. 1994) (evidence that defendant was asked to serve on board of substance abuse center excluded in drug trial); *United States v. Santana-Comacho*, 931 F.2d 966, 967-68 (1st Cir. 1991) (evidence of character as a good family man and a kind person inadmissible because not pertinent to illegal transportation of aliens charge); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (policeman's resume and commendations properly excluded as not pertinent to mail fraud charge); *United States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988) (evidence about defendant's specific activities with March of Dimes inadmissible).

Therefore, the Court should preclude Defendant and his counsel from submitting any question, comment, argument, or testimony regarding any of Defendant's possible charitable contributions, charitable activities, community awards, volunteer activities, payment of yearly income taxes and other specific instances of good conduct.

10. <u>JURY NULLIFICATION ISSUES</u>: It would be improper for Defendant, in any way, to suggest to the jury that they should acquit for reasons beyond the facts and the law presented at trial. In 1895, the United States Supreme Court decided *Sparf & Hansen v. United States*, 156 U.S. 51 (1895), which is still universally regarded as the decisive case disapproving of jury nullification. In *Sparf*, the defendants, convicted of murder, sought review on the theory that the trial judge had unconstitutionally usurped the jury's province by instructing it that, although the jury had the power to bring in a verdict of manslaughter, any verdict other than a conviction for murder, the crime charged, or a total acquittal would violate its oaths and duties. *Id*. at 59-63. The Supreme Court rejected their argument,

holding that, although a jury has an absolute power to ignore a judge's directions, it has no such right and to do so is wrongful. *Id*. at 101-02. As the Supreme Court explained: "Public and private safety alike would be in peril if the principle be established that juries in criminal cases may, of right, disregard the law as expounded to them by the court, and become a law unto themselves." *Id*.

Thus, the law is plain that it is improper for Defendant to suggest in any way that the jury should acquit him even if it finds that the government has met its burden of proof. *See United States v. Thompson*, 253 F.3d 700, 2001 WL 498430 at *16 (5th Cir. 2001) (citing *United States v. Gonzalez*, 110 F.3d 936, 947-48 (2d Cir.1997)); *see also United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("[A]n unreasonable jury verdict . . . is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification . . . is not a right, either of the jury or of the defendant"); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) ("Defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognized that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."); *United States v. Edwards*, 101 F.3d 17, 19 (2d Cir. 1996) (holding good motives do not nullify a defendant's violation of the law and a jury should not be encouraged to consider such arguments).

## **CONCLUSION**

For all of the above reasons the government respectfully asks this Honorable Court to grant this motion and find the above matters inadmissible at all stages of the trial in this case.

Date: August 6, 2025

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By: */s/ Carrie Wirsing*
Carrie Wirsing
Assistant United States Attorney
Commonwealth of Pennsylvania Bar No: 89932
1000 Louisiana Street, 23rd Floor
Houston, Texas 77002
Tel.: (713) 567-9000
E-mail: carrie.wirsing@usdoj.gov
*Counsel for the United States of America*

**CERTIFICATE OF CONFERENCE**

I hereby certify that the undersigned has not had an opportunity to confer with Defendant's counsel of record regarding the government's motion *in limine* prior to the motions filing deadline of August 6, 2025; however, it is anticipated that this motion would be opposed.

                                                */s/ Carrie Wirsing*
                                                Carrie Wirsing
                                                Assistant United States Attorney

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August, 2025, a copy of this document was electronically filed with the Clerk of Court via CM/ECF and emailed to Tatiana Obando, AFPD, counsel for Defendant.

*/s/ Carrie Wirsing*
Carrie Wirsing
Assistant United States Attorney