IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                                                            Cr. No. 4:24-cr-609

GUILLERMO IVAN RAMIREZ SAUCEDO

### DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE FOR THE AFFIRMATIVE DEFENSE OF DURESS

Mr. Guillermo Ivan Ramirez Saucedo ("Mr. Ramirez") asks this Court to **deny** the Government's motion to preclude him from presenting evidence of duress.

After the United States dropped Mr. Ramirez off at the Mexican border in March 2023, he was kidnapped by armed criminals, beaten, and held for ransom for over a month. He was given two options: pay the ransom and be returned to the United States or remain a hostage to the cartel and face torture and possible death at their hands. Once his family scrapped together the money to post his ransom, he was brought across the border and into the United States against his will. Subsequently the Government charged Mr. Ramirez with the criminal offense of illegal reentry. *See* 8 U.S.C. § 1326 ("Reentry of removed aliens"). Now, the Government seeks to prohibit Mr. Ramirez from telling the story of his of his forced journey into the United States—calling the evidence "irrelevant" and "misleading." ECF No. 23 at

1. The Government's motion is a premature and improper attempt to eviscerate his Sixth Amendment right to present a defense. It should be denied for three reasons.

First, the question of whether Mr. Ramirez can mount a duress defense is one that "involves the basic determination of guilt or innocence," and thus, "it is a jury issue," and one that is rarely "susceptible to *pretrial* motion and disposition." <u>United States v. Yater</u>, 756 F.2d 1058, 1062-63 (5th Cir. 1985) (discussing the defense of entrapment) (emphasis in original). Second, that the facts underlying Mr. Ramirez's duress defense are relevant to show that his presence in the United States was not "knowing"—*i.e.*, voluntary, and intentional. *See* Fifth Circuit Pattern Jury Instruction 1.41 (2024). Third, he can satisfy each element of the duress defense, and therefore the Court should deny the Government's motion and reserve ruling on the admissibility of such a defense until the jury charge conference. In support thereof, Mr. Ramirez respectfully shows the Court as follows:

## LEGAL STANDARDS

Duress is an affirmative criminal defense that consists of four elements:

*First*: That the defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded fear of death or serious bodily injury to himself

*Second*: That the defendant had not recklessly or negligently placed himself ... in a situation where he ... would likely be forced to choose the criminal conduct;

> *Third*: That the defendant had no reasonable legal alternative to violating the law, that is a reasonable opportunity both to refuse to do the criminal act and also to avoid the threatened harm; and
>
> *Fourth*: That a reasonable person would believe that by committing the criminal action, he ... would directly avoid the threatened harm.

5th Cir. Pattern Jury Instructions (Criminal Cases) § 1.38 (2024). The defendant must present proof of each element to receive a jury instruction on duress. <u>United States v. Posada-Rios</u>, 158 F.3d 832, 873 (5th Cir. 1998) (citations omitted).

In determining whether a defendant has made a threshold showing of the elements of duress "the court must objectively evaluate the facts presented by the defendant." *Id.*

## ARGUMENT

**A.     The existence of an affirmative defense is an issue that should be resolved at trial.**

Affirmative defenses, like duress, "involve[] the basic determination of guilt or innocence." *Yater*, 756 F.2d at 1062. As a result, they are "jury issue[s]" and seldom "susceptible to pretrial motion and disposition." *Id.* at 1063 (citing *Eaton v. United States*, 458 F.2d 704, 708 (7th Cir. 1972)). In effect, the Government is asking this Court to entertain a motion for summary judgment on the applicability of the defense. "[B]ut of course motions for summary judgment are creatures of civil, not criminal, trials." *United States v. Bailey,* 444 U.S. 394, 412 n.9 (1980). While this Court wields broad latitude to exercise control over trial testimony, it should not use that discretion to require Mr. Ramirez to try the merits of his defense at a pretrial

3

hearing. This Court should not rule on the applicability of the duress defense until it has had the benefit of considering all the evidence presented at trial.

  **B.  The circumstances of Mr. Ramirez's capture and forced return to the United States are relevant to the question of whether his unlawful presence was "knowing"—*i.e.*, voluntary, and intentional.**

Prior to considering the applicability of a duress defense, the Government will have to make out a prima facie case against Mr. Ramirez for the offense of illegal reentry. That will require—inter alia—that the Government prove that his presence in the United States was "knowing," meaning voluntary and intentional. Fifth Circuit Pattern Jury Instruction 1.41 (2024); *United States v. Guzman-Ocampo*, 236 F.3d 233, 237 (5th Cir. 2000). Because the voluntariness of Mr. Ramirez's return or presence in the United States is an element the Government must prove beyond a reasonable doubt, this Court should not entertain a motion to prohibit Mr. Ramirez from presenting evidence to the contrary.

  **C.  Mr. Ramirez can establish the elements of a duress defense.**

At trial, Mr. Ramirez intends to elicit evidence to show that after he was taken to the Mexican border in 2023, he was immediately kidnapped, beaten, and held as a hostage by armed cartel members for over a month. Once the cartel members made contact with his family, they demanded thousands of dollars in exchange for his return to the United States. Mr. Ramirez will introduce evidence that return to his home in Mexico was not an option. Furthermore, he will introduce evidence that the

4

cartel's presence along the border was not an isolated event, but a feature of an organized, persistent, and ever-present scheme to capture human beings and cash them in for money.

### 1. Mr. Ramirez was under an unlawful and present, imminent threat.

Under the first element of duress, Mr. Ramirez must establish that he was acting "under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded fear of death or serious bodily injury to himself." Fifth Circuit Pattern Jury Instruction 1.38 (2024).

Here, the defense anticipates testimony from several witnesses that will establish that Mr. Ramirez's return to and presence within the United States was the result of the violent criminals who captured him and held him hostage. The evidence will establish that he suffered bodily injury at the hands of his captors and was threatened with worse if his family did not pay his ransom. Additionally, the evidence will establish that release into Mexico—so as to authorize his return home—was not an option.

### 2. Mr. Ramirez did not act recklessly or negligently.

Under the second element of duress, Mr. Ramirez must show that he "had not recklessly or negligently placed himself in a situation" where he would likely be forced to illegally reenter the United States. Pattern Jury Instr. § 1.38.

Here, the evidence will show that Mr. Ramirez was kidnapped hours after his deportation in 2023. Rather than his own actions leading to the catastrophic circumstances he found himself in, "it was [Mr. Ramirez's] deportation to his home country that led to his endangerment." *United States v. Cruz-Mendoza*, No. 4:17-cr-00717, slip op. at 4 (S.D. Tex. May 2, 2018) (Ellison, J.).

### 3. The defendant had no reasonable legal alternative to violating the law

Under the third element of duress, Mr. Ramirez must show that he "had no reasonable legal alternative to violating the law." Pattern Jury Instr. § 1.38. To prove this element, a defendant "must show that he actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefit of the alternative." *Posada-Rios*, 158 F.3d at 874 (quoting *Harper,* 802 F.2d at 118).

Here, the evidence will show that the cartel's hostage-taking operation at the border was not a one-off occurrence, but a pervasive and persistent element of organized crime along the Mexican-American border. He intends to offer evidence that had he alerted the authorities of his circumstances, he would have been apprehended and deported in the same manner that led to his involuntary capture and forced return.

6

### 4. A reasonable person would believe that by committing the criminal action, he would directly avoid the threatened harm

Under the fourth and final element of duress, Mr. Ramirez must prove that "a reasonable person would believe that by committing the criminal action, he would directly avoid the threatened harm." Pattern Jury Instr. § 1.38. This element requires a showing of "a direct causal relationship … between the proscribed action and the avoidance of the threatened harm." *United States v. Gant*, 691 F.2d 1159, 1164 (5th Cir. 1982).

Here, Mr. Ramirez intends to show that acquiescing in his compelled return to the United States, and his continued presence in the United States, directly avoided the threatened harm of remaining in the cartel's captivity.

    Respectfully submitted,

    PHILIP G. GALLAGHER
    Federal Public Defender
    Southern District of Texas No. 566458
    New Jersey State Bar No. 2320341

    By /s/ Ryan Rones
    RYAN RONES
    Assistant Federal Public Defender
    North Carolina State Bar ID No. 53592
    Southern District of Texas No. 3900503
    Attorneys for Defendant
    440 Louisiana, Suite 1350
    Houston, Texas   77002
    Telephone:   713.718.4600

## **CERTIFICATE OF SERVICE**

I certify that on August 14, 2025, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to the office of Assistant United States Attorneys Carrie Wirsing and Carrie Law.

By /s/ Ryan Rones
RYAN RONES