# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | Criminal No. 4:24-CR-00609 |
| GUILLERMO IVAN RAMIREZ-SAUCEDO | § § § | |

## UNITED STATES' OPPOSED MOTION FOR ACCELERATED RULING ON GOVERNMENT'S MOTION TO EXCLUDE DURESS DEFENSE AND OBJECTION TO DEFENDANT'S PROPOSED EXPERT WITNESS

The United States of America respectfully moves this Court to issue an order in advance of the September 3, 2025, pretrial conference, granting the government's motion *in limine* to preclude the affirmative defense of duress, timely filed on August 6, 2025 (Dkt. 23), and granting the government's objection to the admissibility of defendant's proposed expert testimony of Professor Jeremy Slack. The government submits that rulings on these issues are necessary to effectively prepare for trial as it will dictate which witnesses and exhibits the parties will present. As set forth in its objection filed on August 22, 2025 (Dkt. 37), the government reiterates its opposition to Professor Slack's testimony regarding conditions on the United States/Mexico border and the alleged cartel practice of kidnapping and smuggling persons from Mexico into the United States, as such evidence will not further any legally cognizable duress defense and will instead inflame and mislead the jury, and improperly bolster the defendant's credibility. Indeed, at the August 15 status conference and after defense counsel advised they were in the process of securing such an expert witness, this

1

Honorable Court expressed reluctance to allow such testimony. Nevertheless, on August 20, 2025, the defendant filed a notice of intent to present that very expert testimony at trial (Dkt. 34).

Given the resounding caselaw prohibiting a duress defense under the circumstances in this case – i.e., where the defendant was found 10 months after he unlawfully re-entered the U.S. upon being arrested for driving under the influence which caused a vehicle accident – it should be prohibited from being asserted at trial in this matter. Moreover, because of the inflammatory and irrelevant nature of the proposed expert testimony – which is being offered to provide context for a claim of duress – as well as this Court's own prior representation that such expert testimony is inappropriate, Professor Slack's testimony should be ruled inadmissible at trial.

If the Court considers admitting the proposed testimony, the United States requests a that a *Daubert* hearing be scheduled to assess the reliability and relevance of the defense's proposed expert witness testimony before it is presented to a jury. If the opposed testimony is ultimately ruled admissible at trial the government requests adequate time to investigate potential expert witnesses for rebuttal, in the interest of fairness to all parties. The government submits that there is insufficient time between now and the September 9 trial date–less than two weeks away–to investigate and secure a rebuttal expert witness if one is needed, particularly where, as here, defense filed an expert witness notice less than three weeks before a trial date that had been announced over two months prior.

## CONCLUSION

The government moves this Court to issue an order in advance of the September 3, 2025, pretrial conference, ruling on the government's motion in limine to preclude the affirmative defense of duress and granting the government's objection to the admissibility of defendant's proposed expert testimony. The government submits that advance rulings on these matters serve the interest of fairness and ensure that justice is served.

Respectfully submitted,

NICHOLAS GANJEI
United States Attorney

*/s/ Carrie Wirsing*
Carrie Wirsing
Assistant United States Attorney
U.S. Attorney's Office
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9000

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the 21st day of August, 2025, counsel for the defendant indicated that they are opposed to a motions hearing in advance of the pretrial conference scheduled for September 3, and advised that they are still in process of preparing additional motions.

                                                */s/ Carrie Wirsing*
                                                CARRIE WIRSING
                                                Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2025, a true and correct copy of the foregoing document was filed and served via ECF notice and email to defense counsel of record.

                                                */s/ Carrie Wirsing*
                                                CARRIE WIRSING
                                                Assistant United States Attorney