UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| vs. | § | CRIMINAL NO. 24-CR-00609 |
| | § | |
| GUILLERMO SAUCEDO RAMIREZ, | § | |
| | § | |
| Defendant. | § | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE AND PRE-TRIAL MOTIONS

The United States of America, by Carrie Law, Special Assistant United States Attorney for the Southern District of Texas, submits this response to Defendant's Motions in Limine and Pre-Trial Motions. (Dkt. 41).

## BACKGROUND

The Defendant is currently charged with one count of illegal reentry in violation of 18 U.S.C. §1326(b). This case is currently set for a pretrial telephone conference on October 7, 2025, and trial on October 14, 2025.

## RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE

### I. No. 1: Redactions and Legal Conclusions in Government Exhibits

To the extent that the Defendant seeks to broadly preclude the introduction of documents that allegedly contain legal conclusions, the Government objects. Though the Defendant's motion does not specify which exhibits, documents, or statements purportedly contain such conclusions and which legal conclusions it complains of, the Government

1

does intend to introduce business records held in the care, custody, and control of the Department of Homeland Security – Immigration Customs Enforcement ("ICE"), namely the I-213, Record of Deportable/Inadmissible Alien ("I-213").

Regarding the proposed Forms I-213, Record of Deportable/Inadmissible Alien ("I-213"), the Defendant appears to request redactions and suggests that only the first page of be admitted into evidence, citing *United States v. Noria*, 945 F.3d 847 (5th Cir. 2019). While Defendant's interpretation is misleading and overbroad, the Government has already indicated its intention to redact all of the I-213s on its exhibit list. Specifically, it plans to offer only the first page of each I-213 which contains biographical information relevant to the Defendant's alienage. Because ICE's business includes maintenance of alienage records, these records are admissible, over Defense's objection, as business records.

## II. No. 2: Testimony of Custodian of Records and Other Witnesses

The Defendant seeks to preemptively limit the testimony of the Custodian of Records for the Defendant's A-File. Following the proper foundation for such testimony, the Government intends to elicit testimony from the Custodian of Records regarding the certification of the A-file, the Certificate of Non-existence of Records he prepared, and the nature and purpose of those records in questions. Specifically, he will testify regarding the nature and purpose of an A-file, which includes housing various immigration forms and encounter records, as well as the absence of a Form I-212 in the Defendant's A-file and lack of any other permission to reapply apply for admission—none of which he located after conducting a thorough search.

To the extent there is any doubt that the Custodian of Records is qualified to discuss the records he reviewed and searched for, the Government would request that the Court make the determination as to what the Custodian of Records may testify to after hearing his training, experience, and personal knowledge. *C.f. U.S. v. Valdez-Maltos*, 443 F.3d 910 (2006) (border patrol agent's testified he searched for any permission to reapply for admission and found nothing; testimony was not hearsay).

The Defendant also seeks to broadly limit the testimony of other witnesses such as Border Patrol Agents and ICE Officers regarding the immigration process and related forms. This request is speculative and premature. The Government will limit witness testimony to matters within their personal knowledge, standard procedures, training, and experience with various forms. If a witness did not author a form, they may still explain it based on their professional experience and under the applicable hearsay exceptions, such as the business and public records exceptions.

Forms in the A-File fall squarely within the business records exception. A deportation officer, whose duties involve regular handling of these forms, is qualified to explain them. The Government requests the Court allow it to lay the proper foundation for such testimony prior to ruling on its admissibility. *See e.g. Valdez-Maltos*, 443 F.3d 910 (finding that Warrant of Deportation was not testimonial hearsay and person who completed form not required to be unavailable for its admissibility); *United States v. Rueda-Rivera,* 396 F.3d 678, 680 (5th Cir.2005) (finding documents in a defendant's immigration file are analogous to nontestimonial business records); *United States v. Quezada,* 754 F.2d

1190, 1194-95 (5th Cir.1985) (Form I-250 Warrant of Deportation admissible under Federal Rule of Evidence 803(8)(B) public record).

**III.    No. 3: Reference to Defendant's Custody in the Harris County jail and/or the Texas Department of Criminal Justice.**

The Defendant was first found by ICE after it received a law enforcement notification following the Defendant's arrest by the Houston Police Department on February 12, 2024. The Government has the burden to prove its charged "found in" after deportation and that venue lies in the Southern District of Texas. These are contested issues, as no stipulations have been reached. General or vague references would deprive the jury of the context needed to evaluate key elements such as the element of knowingly "found in" as charged and venue. The Government is entitled to present clear, detailed, and persuasive evidence, not watered-down facts, simply because they may be unfavorable to the Defendant. The Government intends on discussing the fact that the Defendant made contact with Harris County law enforcement in Houston, Texas on February 11, 2024 and ICE was notified the next day. To the extent there is any concern, the Court may give a limiting instruction on the purpose of the evidence.

As for reference in the Form I-213s to the defendant's criminal history, those will not be included as discussed above.

With the above limitations in mind, the Government intends to make limited reference to how Defendant came into custody. Specifically, the Government intends to provide testimony of Houston Police Department Officer Nicholas Wallis who arrived at a location in Harris County to investigate an accident and located Defendant there.

Subsequently, Defendant was taken to the hospital where he gave certain statements relevant to his alienage and lack of duress and his demeanor while with law enforcement. Additionally, Officer Wallis will testify to having collected Defendant's property and transferring it with Defendant. Further, Officer Wallis will testify that at the conclusion of his investigation, Defendant was arrested and his property logged. No further testimony will be elicited regarding the offense he was charged with or any collateral consequence, other than his arrest. The Government agrees to not make any further reference to this matter, without approaching the bench, unless the defense opens the door to such evidence, including through the presentation of a duress defense, or if it becomes necessary for permitted impeachment should the defendant testify or to prevent the jury from being left with a misleading impression.

**IV.     No. 4: Use of the Term "Alien"**

The term "alien" is statutorily defined as any person not a citizen or national of the United States. *See* 8 U.S.C. § 1101(a)(3). Proving that a defendant is an "alien" is an element of the offense in an 18 U.S.C. § 1326 prosecution. The Government indicted this case because it is our belief that the Defendant is in fact an alien. It is also the Government's intent to prove the Defendant is an alien during trial by showing that he is not a citizen or national of the United States, and arguing that the Government has proven that element of the offense. Referring to the Defendant as "an alien" is not in reference to extraneous activity or for prejudicial purposes, as quoted from *Beechum* within the Defendant's brief; but rather, it describes the Defendant's current status. In *United States*

5

*v. Beechum*, the court discussed a two-prong test for the admission of 404(b) evidence, it did not discuss the admissibility of statutory language. 582 F.2d 898 (5th Cir. 1978). The Government is entitled to use the legally defined term consistent with the charged crime and thus objects to this Defensive request.

## V.  No. 5: Description of Witness Testimony

The Defendant requests that the Government provide the specific purpose of each witness' testimony. On September 30, 2025, the Government filed its Witness List (Dkt. 60), which includes brief descriptions of each witness.

The Government is not aware of any legal requirement to provide additional detail regarding each witness' testimony, nor was any statutory authority or case law cited in Defendant's request. The Government will comply with all applicable rules of evidence at trial regarding witness testimony.

Respectfully submitted,
NICHOLAS GANJEI
United States Attorney

BY:  /s Carrie Law_____
Carrie Law
Special Assistant United States Attorney
Cal. Bar No. 258387
1000 Louisiana St., Suite 2300
Houston, Texas 77002
Phone: 713-567-9367

# **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE AND PRE-TRIAL MOTIONS was filed and served on the attorney for the defendant, via email and ECF notification on October 6, 2025.

      /s Carrie Law_____
Carrie Law
Special Assistant United States Attorney
Cal. Bar No. 258387
1000 Louisiana St., Suite 2300
Houston, Texas 77002
Phone: 713-567-9367